## Osceola Tribe, No. 11, of the Improved Order of Red Men, vs. Mary Rost, adm'x of George Rost.

A prayer, leaving to the jury to find whether the proceedings in regard to charges against the plaintiff were "*had in accordance with the constitution and by-laws*" of the society of which he was a member, is erroneous, because it submits to the jury the proper construction of written instruments, which it is the province of the *court*, and not the *jury*, to decide.

Appeal from the Court of Common Pleas.

*Assumpsit*, brought on the 10th of December 1855, by George Rost, the appellee's intestate, against the appellant, a beneficial society, incorporated under the Act of 1852, ch. 231, to recover benefits alleged to be due him by the society of which he was a member.

The plaintiff received a verdict and judgment for $91, and the defendant appealed.   In the course of the trial the defendant excepted to the refusal of the court (Marshall, J.) to grant its second prayer, which is stated in the opinion of this court.   As the decision is based entirely upon a defect in this second prayer, the facts of the case, and the argument of counsel, need not be stated.

The cause was argued before Le Grand, C. J., Eccleston and Bartol, J., by *Chas. H. Pitts* and *Jos. C. Boyd*, for the appellant, and by *Orville Horwitz*, for the appellee.

Eccleston, J., delivered the opinion of this court.

In this action of *assumpsit*, in the Court of Common Pleas for Baltimore city, the plaintiff recovered a verdict and judgment for $91, against the defendant, the present appellant.

At the trial below, the defendant submitted two prayers; the first of which was granted, and the second refused.   Unless there was error in this refusal, there is no ground for a reversal of the judgment on this appeal.

The *first prayer* asked the court to instruct the jury that if

they should find, from the evidence, that George Rost, the plaintiff's intestate, was before and at the time of his initiation as a member of the Tribe, the defendant, in a bad state of health, and that the said Rost knew that he was in such state of health, and concealed said fact of his bad health from the defendant, then the plaintiff was not entitled to recover in this action, provided the jury should find, from the evidence, that said Rost's inability to attend to business during the time for which benefits were claimed in this suit, was the result of such disease upon him at the time of his admission as a member.

The *second prayer* is: "If the jury find the facts stated in the defendant's 1st prayer, which is made a part of this, and shall further find that charges were made against said Rost, as stated in the record of said defendant read in evidence to the jury, and that a committee was appointed to investigate said charges, and that proceedings were thereupon had, in accordance with the constitution and by-laws of said defendant, and that said Rost was found guilty of said charges, and the said Rost was expelled from said defendant, and said Rost had notice of such charges and proceedings, and of his expulsion, and shall further find that the constitution and by-laws of said society provide for, and authorized said Rost to appeal from said decision to the Great Council, and that Rost did not appeal, then the plaintiff is not entitled to recover in this action."

By this second prayer, one of the questions submitted for the decision of the jury is, whether the proceedings in regard to the charges against Rost, were had *in accordance with the constitution and by-laws* of the defendant? This necessarily involves the proper construction of written instruments, which, according to long and well-established principles, it was the province of the court, and not of the jury, to decide. Whether any, and if any, what proceedings took place, were proper inquiries for the jury, but whether they were in accordance with the constitution and by-laws of the society or tribe, was a question of law for the court, and not one of fact for the jury. *Emery & Gault vs. Owings,* 6 *Gill,* 199. *Clarke's adm'r vs. Marriott's adm'r,* 9 *Gill,* 333, 337.

Whiting, use of Sun Mutual Ins. Co *vs.* Independent Mutual Ins. Co.

The prayer being considered defective; for the reason stated; it was properly refused, even if not erroneous in any other respect. 4 *Md. Rep.*, 513, 514. 5 *Md. Rep.*, 448. 6 *Md. Rep.*, 97.

*Judgments affirmed.*

(Decided May 9th, 1860·)